## YELLOW MANUFACTURING ACCEPTANCE CORPORATION v. JOHN C. ZIMMERMAN.

121 N. W. (2d) 586.

April 26, 1963—No. 39,057.

*Cant, Haverstock, Beardsley, Gray & Plant* and *Lawrence E. Nerheim,* for relator.

*Rosengren, Rufer, Blatti, Hefte & Pemberton* and *Richard L. Pemberton,* for respondent.

PER CURIAM.

Alternative writ of mandamus issued from this court to the District Courts of Ramsey and Otter Tail Counties to compel remand of two actions commenced in the former and removed by affidavit and demand to the latter.

The facts essential to understanding the issue are these: Relator is assignee of the rights of General Motors Corporation under a conditional sales contract by the terms of which John C. Zimmerman, respondent, acquired possession of two scrapers and agreed to make certain monthly payments beginning June 15, 1962. Upon default, the seller was empowered to retake possession and demand payment of the unpaid balance of the purchase price. In June, July, and August of that year payments in the amounts specified by the contract were made. Installments due on September 15 and October 15 were not paid. The two actions here involved were then commenced by relator in Ramsey County—one to foreclose its lien, and the other to replevin the scrapers

"for the purpose of foreclosing plaintiff's vendor's lien on said property."

Within the time prescribed by law[1] defendant, who is respondent here, filed a demand for change of venue to Otter Tail County, the demand being supported in each case by an affidavit of residence there. Plaintiff countered with motions filed in the District Court of Ramsey County for orders directing the clerk of that court to refrain from transmitting its files "to any other county." The motions were denied. Plaintiff then moved the District Court of Otter Tail County to remand the actions to Ramsey County where commenced. These motions were also denied. The writ issued by this court raises the question of whether plaintiff is entitled as a matter of right to have either or both of the proceedings returned to Ramsey County for trial.

■ Unless venue is hereafter changed pursuant to Minn. St. 542.11(4),[2] the foreclosure action should be tried in Otter Tail County where defendant resides. It is the general policy of the law that actions be brought and tried in the county in which defendant resides and this right is not to be denied a defendant except where the legislature has clearly and unequivocally manifested a contrary intent. See, State ex rel. Schmitt v. Hoffmann, 233 Minn. 186, 46 N. W. (2d) 468. A party seeking to bring an action against a defendant in some county other than the latter's residence must establish his right to do so and the burden of establishing such an exception is on the party depending upon it. Plath v. Reed, 254 Minn. 364, 95 N. W. (2d) 169.

■ Plaintiff seeks to meet the burden of establishing that the fore-

---

[1]Minn. St. 542.10 provides in part: "If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action."

[2]Minn. St. 542.11 provides: "The venue of any civil action may be changed by order of the court in the following cases:

\* \* \* \* \*

"(4) When the convenience of witnesses and the ends of justice would be promoted by the change."

closure action is an exception to the general rule by claiming that its cause of action arose in whole or in part in Ramsey County within the meaning of § 542.09.[3] The factual support for this theory appears in the affidavit of Frank Vader, branch manager of Yellow Manufacturing Acceptance Corporation, who avers:

"2. That plaintiff, Yellow Manufacturing Acceptance Corporation, resides in the County of Ramsey; that its *only* office within the State of Minnesota is located at 2400 University Avenue, St. Paul 14, Minnesota.

\* \* \* \* \*

"5. That said conditional sales contract specifically provides that payments were—

" 'Payable at the office of Yellow Manufacturing Acceptance Corporation in Detroit, Michigan, (or at such other address as may be hereafter designated in writing by Seller) \* \* \*'

"6. That following the execution of said conditional sales contract, the defendant was provided with a payment envelope booklet which notified him, in writing, to make his payments under said contract *to* the St. Paul office of Yellow Manufacturing Acceptance Corporation, at 2400 University Avenue, St. Paul, Minnesota; that included in said *payment envelope booklet* were coupons which were to be *enclosed* by defendant with his monthly payments; that defendant did enclose such coupons with his June, July and August payments; \* \* \* and that a photo copy of the coupon which was *mailed* by defendant to plaintiff with his June payment is attached hereto as Exhibit A." (Italics supplied.)

In support of the contention that the facts appearing in the foregoing affidavit show a contractual duty on the part of defendant to make payment in the city of St. Paul, in Ramsey County, the breach of which gave rise to plaintiff's cause of action, we are cited to Donovan v. Dixon,

---

[3]Minn. St. 542.09 provides in part: "All actions not enumerated in sections 542.02 to 542.08 and section 542.095 [none of which apply to actions to foreclose a vendor's lien under a conditional sale of personal property] shall be tried in a county in which one or more of the defendants reside when the action is begun or *in which the cause of action or some part thereof arose.*" (Italics supplied.)

257 Minn. 4, 99 N. W. (2d) 783; Halliwill v. Mutual Service Cas. Ins. Co. 257 Minn. 252, 100 N. W. (2d) 817; and Anderson v. Farmers Mutual Auto. Ins. Co. 259 Minn. 118, 106 N. W. (2d) 369. Of these, the Halliwill case is most relevant. It was there held that the duty to pay a loss covered by a policy of insurance is performable at the residence of the insured, there being no other place of performance fixed by the contract, and that a cause of action for the breach of an obligation to pay under such circumstances arises in the county of the insured's residence. That decision is distinguishable from our problem because here the contract does fix a place for payment by defendant, i. e., "at the office of Yellow Manufacturing Acceptance Corporation in Detroit, Michigan, (or at such other address as may be hereafter designated in writing by Seller) * * *."

Absent a designation in writing, the alleged failure of defendant to make payment did not occur in Ramsey County. With a specific provision in the contract, there could be no *presumption* that payment was to be made in St. Paul. The averments appearing in the affidavit of Vader are not adequate to sustain plaintiff's burden of proving that the seller designated in writing that the place of payment was to be St. Paul. Although paragraph 6 of the affidavit states that defendant was provided with a payment envelope booklet which notified him "in writing" to make his payments to the St. Paul office, the exact language of the notification or direction is not made to appear. The further averments that coupons were included in the payment envelope booklet which were to be "enclosed by defendant with his monthly payments," and that the June payment was "mailed by defendant" to plaintiff, suggest that defendant was directed to make payments by mail and that this direction was followed in the subsequent course of dealings between the parties. Upon this state of the record the situation is one where the place of payment may or may not have been in Ramsey County, depending upon whether the designated mode of payment was in fact incorporated into the contract by reference and, if so, whether defendant was directed to make payment *at* the St. Paul office or by mail from a place other than Ramsey County. Although we find no Minnesota case which has passed on this point directly, the general rule is that

the breach of a contract to make payments by mail from a place specified by the parties or adopted by course of conduct occurs at the place where the payment was to have been mailed.[4] Since plaintiff had the burden of proving that the place of payment was in Ramsey County in order to support its theory that its cause of action arose there in whole or in part, and since this burden was not adequately sustained, venue in the foreclosure action was properly transferred to Otter Tail County and the district court of that county was justified in denying the motion to remand.[5]

■ The replevin action was properly venued in Ramsey County.[6] However, in cases of this type the replevin is so much ancillary to the foreclosure proceedings that trial of the possessory action in the county where the foreclosure action is pending is clearly required for the convenience of witnesses and the promotion of the ends of justice within the meaning of § 542.11(4). The complaint in the replevin action states:

---

[4]See, 14 Dunnell, Dig. (3 ed.) § 7452; 40 Am. Jur., Payment, §§ 16 to 18, 35 to 37; Annotations, 1 A. L. R. 677 and 2 A. L. R. 1646; 70 C. J. S., Payment, §§ 6, 7. The place where the act of mailing is to be done (and where the breach occurs if not done) depends on the direction given by the creditor. In the absence of specification of a place of mailing, the act of mailing, presumably, would be performed where defendant resides. In this case, the directions are not made to appear in sufficient detail to form the basis for a determination. It can only be said that relator has not fulfilled its burden of proving that payment was to have been made in Ramsey County. Where a party having the burden of proof with respect to a particular issue fails to sustain the burden, decision as to such issue must go against him. Howard v. Marchildon, 228 Minn. 539, 37 N. W. (2d) 833.

[5]In view of our disposition of this aspect of the matter the reason given by the District Court of Otter Tail County for denial of the motion to remand is of no importance.

[6]Minn. St. 542.06 provides: "Actions to recover the possession of personal property wrongfully taken shall be tried in the county in which the taking occurred, or, at plaintiff's election, in the county in which he resides; in other cases in the county in which the property is situated." The section applies to proceedings to recover possession of personal property held by a vendee in default under a conditional sales contract. A & A Credit Co. v. Berquist, 230 Minn. 303, 41 N. W. (2d) 582.

"Defendants shall take notice that plaintiff's repossession of said property by this replevin proceeding is not and shall not be considered an election on plaintiff's part to treat the contract of conditional sale now existing between the parties as rescinded; *but, rather, plaintiff's repossession of said property by this replevin proceeding is for the purpose of foreclosing plaintiff's vendor's lien on said property.*" (Italics supplied.)

The commencement of the replevin action and the mode of pleading is in conformity with the procedure discussed by this court in a number of cases, including Ahlers v. Jones, 193 Minn. 544, 259 N. W. 397, and Yellow Mfg. Acceptance Corp. v. Handler, 249 Minn. 539, 83 N. W. (2d) 103, where the authorities are reviewed. From these decisions it is clear that a replevin action so pleaded is designed merely as an aid to an effective foreclosure action[7] making possible, upon proof of default, sale of the property repossessed and recovery of a deficiency judgment. The fact that a counterclaim was interposed in the replevin action does not change its ancillary character or make it reasonable to decide that the foreclosure action in which a counterclaim was also interposed should be tried in one county and the replevin action, commenced as an aid to foreclosure, should be tried in another.

We have in mind that under ordinary circumstances the venue of a replevin action should not be transferred pursuant to § 542.11 without a proper motion addressed to the discretion of the district court in the county where such action has been properly commenced.[8] But to remand this file to Ramsey County so that such a motion could be made would serve no useful purpose. As stated, both actions must be tried in the same county if the convenience of witnesses and the promotion

---

[7]In National Cash Register Co. v. Ness, 204 Minn. 148, 155, 282 N. W. 827, 831, the court said with respect to a replevin action of the type here involved: "Possession is not obtained through the assertion of the remedy of repossession, although predicated upon the same right, but it is procured as one of the steps in the lien foreclosure proceedings." In that case, as here, plaintiff instituted both a foreclosure action and a replevin action and in the latter sought possession of the property "for the purpose of foreclosing a vendor's lien thereon."

[8]Berg v. Knutson, 257 Minn. 595, 100 N. W. (2d) 99.

of the ends of justice are to be served. That a motion to effect the transfer would be made were we to direct remand is certain, particularly where, as here, the defendant has moved this court in these proceedings to return the case to Ramsey County so that the district court there might base its order upon the grounds specified in § 542.11(4).

This determination is without prejudice to or consideration of plaintiff's right to apply to the District Court of Otter Tail County for transfer of the venue of both actions to Ramsey County pursuant to § 542.11(4). Our decision is limited to a holding on the record as it now stands that the foreclosure action should be tried in the county of defendant's residence and that the replevin action, commenced as an aid to foreclosure, should be tried in whatever county serves as the ultimate forum for the trial of the foreclosure proceedings.

The application for a peremptory writ of mandamus is denied and the alternative writ heretofore issued is discharged.