INDUSTRIAL RUBBER APPLICATORS, INC. v. EATON
METAL PRODUCTS COMPANY AND BROWN TANK
AND FABRICATING COMPANY.

171 N. W. (2d) 728.

October 31, 1969—No. 41937.

*Robins, Davis & Lyons* and *Sidney S. Feinberg,* for petitioners.
*Arvid Nasi, Jr.,* for respondent.

PER CURIAM.

Petition for a writ of prohibition restraining the District Court of Hennepin County from enforcing an order dated March 14, 1969, remanding this action to the District Court of St. Louis County, Hibbing, Minnesota, where it was commenced. Writ discharged.

In November 1965 defendant Eaton Metal Products Company, a foreign corporation doing business in Minnesota but having no place of business or resident agent here, requested plaintiff, Industrial Rubber Applicators, Inc., a Minnesota corporation with its factory at Hibbing in St. Louis County to submit bids on rubber work needed for taconite plants being built in Itasca County, Minnesota. Preliminary negotiations were conducted at Hibbing and San Francisco. Plaintiff submitted its bids at Hibbing and the bids were there accepted, resulting in the formation of a contractual agreement. Defendant Brown Tank and Fabricating Company, being then a Minnesota corporation with its principal place of business in Hennepin County, is an Eaton subcontractor who also purchased rubber from plaintiff, apparently pursuant to the terms and conditions of the Industrial Rubber-Eaton contract.

Plaintiff performed the contemplated work at its Hibbing factory but

delivered the finished product to the taconite plants in Itasca County. Plaintiff then received some payments from defendants in Hibbing.

In January 1967 plaintiff commenced this action in Hibbing, St. Louis County, alleging a balance due of $12,286.62 on said contract. Upon proper demand by defendants, pursuant to Minn. St. 542.09 and 542.10, the action was removed to Hennepin County. Plaintiff then moved to remand the action to St. Louis County on the ground that "the cause of action or some part thereof arose" in St. Louis County within the meaning of the above statutes. On March 14, 1969, Judge Theodore Knudson of the Hennepin County District Court issued an order remanding the action to St. Louis County. Defendants now petition this court for a writ of prohibition restraining the Hennepin County District Court from enforcing that order.

Minn. St. 542.09 permits venue as follows:

"All actions * * * shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose."

Under this statute, determination of venue depends upon resolution of the factual question of where the cause of action arose. The policy underlying our venue statute has long been to allow a defendant the option to defend himself against a transitory action in the county of his residence. Brudzinski v. DeKalb Agricultural Assn. Inc. 279 Minn. 486, 155 N. W. (2d) 737. Exception to this rule is made only "where the legislature has clearly and unequivocally manifested a contrary intent." Plath v. Reed, 254 Minn. 364, 367, 95 N. W. (2d) 169, 171.

A party who brings an action in some county other than the county of defendant's residence must establish his right to do so and must bear the burden of establishing an exception to the general rule. Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 121 N. W. (2d) 586. Such an exception is provided by Minn. St. 542.10, which provides defendant with the right to demand removal of an action to the county of his residence as follows:

"* * * This demand and affidavit * * * shall be filed with the clerk in the county where the action was begun * * * and thereupon, *unless the county where the action was begun is a county in which the cause of action or some part thereof arose,* the place of trial shall be changed to the county where the defendant resides without any other proceedings. If the county designated in the complaint is not the county in which *the cause of action or some part thereof arose* and if there are several defendants residing in different counties, the trial shall be had

in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county seat is nearest." (Italics supplied.)

The issue before us, then, is whether "the cause of action or some part thereof" arose in St. Louis County. The quoted phrase was first brought into our venue statute, § 542.09, by amendment, L. 1955, c. 614, to give plaintiffs some control over the venue of transitory actions. See, Anderson v. Farmers Mutual Auto. Ins. Co. 259 Minn. 118, 106 N. W. (2d) 369. A subsequent amendment, L. 1961, c. 13, adopted the same language as a limitation upon defendants' right of removal under § 542.10. We have interpreted the statutes, read together, to mean that when an action is brought in a county in which "the cause of action or some part thereof arose," defendant cannot remove it to the county of his residence as a matter of right. First Nat. Bank v. F. M. Distributors, Inc. 267 Minn. 34, 124 N. W. (2d) 506. But we have never given a comprehensive answer to the question of what would constitute "some part" of a cause of action. See, e. g., Halliwill v. Mutual Serv. Cas. Ins. Co. 257 Minn. 252, 100 N. W. (2d) 817.

The Wisconsin Supreme Court, on the other hand, stated in McArthur v. Moffet, 143 Wis. 564, 128 N. W. 445, 33 L. R. A. (N. S.) 264, that a cause of action is composed of the facts necessary to be pleaded and proved in order to establish (1) plaintiff's lawful right, and (2) defendant's violation of that right. State ex rel. Webster Mfg. Co. v. Risjord, 201 Wis. 26, 229 N. W. 61, an action for contract damages, applied a venue statute similar to the one here involved and held that the county in which the offer was accepted would be a proper place for trial. See, also, United States v. Memphis Cotton Oil Co. 288 U. S. 62, 53 S. Ct. 278, 77 L. ed. 619.

In determining what would constitute "some part" of a cause of action, it is clear, first of all, that the part must be something less than the whole. We must, then, determine what elements plaintiff is required to prove in order to establish his right to recovery. In an action on a contract such as this the elements would be (a) the formation of the contract; (b) performance by plaintiff of any conditions precedent to his right to demand performance by defendant; and (c) a breach of the contract by defendant. These elements of the cause of action are the fundamental propositions which plaintiff must prove in order to establish a right of recovery. As such they are the basic parts into which a cause of action can be separated. See, Gulbrandson v. Empire Mutual Ins. Co. 246 Minn. 523, 75 N. W. (2d) 593.

Each of these elements of the cause of action will be evidenced by certain facts which give rise to a conclusion of law—i. e., (a) the contract was formulated when the offer was accepted;[1] (b) plaintiff's performance was completed when plaintiff delivered the finished product to the agreed location;[2] and (c) defendants breached the contract when they failed within a reasonable time to make payment.[3] It follows that any county in which occurred the facts evidencing one of these propositions or conclusions of law is a county in which "some part" of the cause of action arose. Brudzinski v. DeKalb Agricultural Assn. Inc. *supra.*

Applying this formula to the facts in the instant case, we must first determine from the record whether the contract sued upon came into existence in St. Louis County. An officer of plaintiff corporation has stated upon affidavit that the bids he submitted to an officer of defendant Eaton at Hibbing were then and there accepted, culminating in the formation of a contract. Defendants admit, albeit in more general terms, the formation of a contract in Hibbing. We find, therefore, that an essential part of plaintiff's cause of action, namely the formation of the contract, occurred in Hibbing, St. Louis County. The conclusion follows that plaintiff has demonstrated its right to retain venue in St. Louis County.

The formula used here is consistent with most of the cases applying the venue statutes since the 1955 amendment. Our holding may not be fully consistent with that of Granite Falls Municipal Hospital v. Cole, 270 Minn. 584, 133 N. W. (2d) 496. In that case we denied remand to the county in which a contract was allegedly formulated and in which plaintiff wholly performed its obligations under said contract. That case is unique, however, because it involved an alleged promise to pay the debt of another. Decision rested on the fact that plaintiff failed to make an adequate showing that the alleged promise was made. We considered that failure fatal in a situation where no service was rendered for the defendant and his obligation to the plaintiff rested exclusively on the alleged but disputed promise. The rule of the Granite Falls case applies only to situations where the contract sued upon consists of defendant's alleged and contested promise to pay for services rendered

[1] Farmers State Bank v. Sig Ellingson & Co. 218 Minn. 411, 16 N. W. (2d) 319.

[2] See, Ylijarvi v. Brockphaler, 213 Minn. 385, 7 N. W. (2d) 314.

[3] See, Associated Cinemas v. World Amusement Co. 201 Minn. 94, 276 N. W. 7.

to a third person for which, but for the alleged and disputed agreement, defendant would have no responsibility. See, also, Agricultural Ins. Co. v. Midwest Technical Development Corp. 269 Minn. 325, 130 N. W. (2d) 497.

Relators urge, in effect, that (a) the formation of the contract and (b) the performance of the conditions precedent by plaintiff (i. e., delivery of processed parts to taconite plants in Itasca County) jointly constitute but one part of the plaintiff's cause of action and not two parts, as we have found the case to be. We recognize that this analysis is arguable in the sense that plaintiff's right to payment depends on proof both of the formation of the contract and of plaintiff's performance of conditions precedent. We cannot say for certain that the legislature in using the phrase "cause of action or some part thereof" intended the broader meaning that we have adopted. In choosing between possible definitions of a term, we must take that interpretation which appears to be the more logical in concept and practical in application. To us it seems quite clear that in a suit for damages for breach of contract the facts which create the contract are, logically at least, a severable part of plaintiff's cause. The likelihood of key witnesses being present in a county where a contract is formed and the fact that the parties to a contract can, to some degree at least, control the place where the acts creating it are done gives practical support to this interpretation. The view adopted adds to the power of the plaintiff to fix venue as of right in transitory actions, as compared to the view urged by relators. But the amendments of 1955 and 1961 were clearly intended to be of benefit to the plaintiff asserting a transitory cause of action. Any resulting unfairness in a particular case remains subject to judicial control through proceedings under Minn. St. 542.11 authorizing change of venue to promote the convenience of witnesses and the ends of justice.

Writ discharged.