DALE R. LUNDGREN v. PAUL SCHMITT
MUSIC COMPANY AND ANOTHER.

207 N. W. 2d 534.

May 18, 1973—No. 43373.

*Robb, Van Eps & Gilmore* and *George R. Benton,* for relators.
*Swanson & Christoffersen* and *A. G. Christoffersen,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Todd, JJ.

PER CURIAM.

These proceedings are before the court to review a determination of the Workmen's Compensation Commission granting an injured employee's wife the sum of $70 a week for nursing services. The issues are whether the commission was authorized to make the award without a prior adjudication that the employee was permanently and totally disabled, and whether the amount of the award was reasonable.

The employee, Dale Lundgren, suffered a work-related injury on September 7, 1967, which rendered him a paraplegic. He was granted benefits for temporary total disability including, by agreement, payments of $125 a month for home nursing care by his wife until April 30, 1970. The petition which initiated these proceedings seeks payments of $100 a week for nursing services from and after May 1, 1970. Neither the petition nor the answer put in issue the question of whether the employee is permanently and totally disabled. Nevertheless, the compensation judge made an award of $70 per week for nursing services performed by the wife, acknowledging, however, that there was no adjudication of permanent total disability. The commission proceeded to make a finding that the employee was permanently, totally disabled and affirmed the award for nursing services. Again, the commission acknowledged that the issue of permanent and total disability had not been submitted either to the compensation judge or to the commission.

Minn. St. 176.135, subd. 1, provides in part as follows:

"\* \* \* The employer shall pay for the reasonable value of nursing services by a member of the employee's family in cases of permanent total disability."

Under § 176.101, subd. 5, total disability is defined in part as—

"\* \* \* the loss of both legs so close to the hips that no effective artificial members can be used \* \* \*."

The employer and its compensation carrier complain that the question of permanent and total disability has never been put in issue, and they have not had an opportunity to litigate the matter. They argue that the employee's injury does not bring him within the definition of permanent and total disability and, in the absence of such condition, employee is not entitled to compensation for his wife's nursing services.

We agree that the commission was without authority to adjudicate the threshold issue of permanent and total disability in the absence of any such claim made by the employee. Lappinen v. Union Ore Co. 224 Minn. 395, 29 N. W. 2d 8 (1947). In view of our disposition of this issue, we do not reach the question of whether the amount of the award was reasonable.

Reversed and remanded for further proceedings consistent with the decision we here reach.