## JOHNNY'S PLUMBING & HEATING, INC. v.
## SPERRY RAND CORPORATION — UNIVAC DIVISION.

215 N. W. 2d 63.

February 15, 1974—No. 44721.

*Doherty, Rumble & Butler* and *Bruce E. Hanson,* for petitioner.

*Erickson, Zierke, Kuderer & Utermarck* and *Elton A. Kuderer,* for respondent.

OTIS, JUSTICE.

Defendant seeks a writ of mandamus to transfer venue of an action for breach of contract from Martin County to Jackson County. The trial court held that a part of the cause of action arose in Martin County and we reverse.

Plaintiff is a plumbing and heating contractor located in Martin County. After some preliminary negotiations with plaintiff, defendant, Sperry Rand Corporation—Univac Division, sub-

mitted to plaintiff a purchase order for the installation of a heat exchanger at defendant's place of business in Jackson County for the sum of $3,373. Without further correspondence between the parties, plaintiff installed the equipment. Thereafter, when it was put into operation, an explosion occurred which totally destroyed the heat exchanger.

On defendant's refusal to pay for the installation, plaintiff brought this action for the purchase price in the District Court of Martin County, alleging that a part of the cause of action arose in Martin County. Minn. St. 542.09.[1] Thereupon, defendant secured a remand to Jackson County pursuant to § 542.10.[2] Plaintiff then moved for and secured a change of venue to Martin County. This application for mandamus followed.

The trial court was of the opinion that because the preliminary negotiations emanated in part from plaintiff's office in Martin County, that county was the proper venue under our decision in State ex rel. Am. Hoist & Derrick, Inc. v. Carew, 293 Minn. 318, 198 N. W. 2d 552 (1972). That case, however, turned on the fact that an offer of settlement was accepted in Koochiching County and created a contract in that county, the breach of which we held gave rise to a cause of action in Koochiching County. 293 Minn. 322, 198 N. W. 2d 555. We are satisfied from the meager record before us that by its very terms the purchase order was

---

[1] Minn. St. 542.09 provides in part: "All actions not enumerated in sections 542.02 to 542.08 and section 542.095 shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose."

[2] Minn. St. 542.10 provides in part: "If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action, the date of service of the summons, and stating that neither the cause of action nor any part thereof arose in the county designated in the complaint."

designated only to be an offer, and that the acceptance occurred by the plaintiff's performance of the work in Jackson County.[3] No other evidence of acceptance is found in the record. However, even if plaintiff's proposal, previously submitted to defendant, was an offer accepted by the purchase order the contract was not formed or breached in Martin County.

Plaintiff relies for affirmance on an affidavit of one of its officers which states, "That all payments were to be made at Fairmont, Minnesota [Martin County]." In response, the supervisor of procurement of Univac Division of Sperry Rand alleges by affidavit, "[T]he Proposal and Purchase Order are absolutely silent on the place of making payment. Further, and also contrary to said Affidavit, there was no agreement, written or oral, that payment would be made in Fairmont, Minnesota." In the same affidavit it is stated, "[P]ayment customarily would have been made by draft or check mailed from the UNIVAC Division, Sperry Rand Corporation offices at Saint Paul in Ramsey County, Minnesota, addressed to plaintiff Johnny's Plumbing & Heating, Inc. in Fairmont, Minnesota." Defendant had no office or plant in Martin County.

In this state of the record, we are of the opinion that our decision is governed by Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 307, 121 N. W. 2d 586, 589 (1963), where we said:

"* * * [T]he general rule is that the breach of a contract to make payments by mail from a place specified by the parties or adopted by course of conduct occurs at the place where the payment was to have been mailed."

In this case payment would customarily have been mailed from Ramsey County.

---

[3] The purchase order provided: "This purchase order constitutes Buyer's offer to Seller and shall become a binding contract upon the terms and conditions set forth herein upon acceptance by Seller either by acknowledgment or commencement of performance."

We have recently adopted guidelines for establishing venue in actions on contracts in Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 513, 171 N. W. 2d 728, 730 (1969). We there held as follows:

"In determining what would constitute 'some part' of a cause of action, it is clear, first of all, that the part must be something less than the whole. We must, then, determine what elements plaintiff is required to prove in order to establish his right to recovery. In an action on a contract such as this the elements would be (a) the formation of the contract; (b) performance by plaintiff of any conditions precedent to his right to demand performance by defendant; and (c) a breach of the contract by defendant. * * *

"Each of these elements of the cause of action will be evidenced by certain facts which give rise to a conclusion of law—i.e., (a) the contract was formulated when the offer was accepted * * *. It follows that any county in which occurred the facts evidencing one of these propositions or conclusions of law is a county in which 'some part' of the cause of action arose."

As applied to the instant case, we have indicated that the contract was formed when accepted by performance in Jackson County. The breach, if any, occurred by defendant's failure to send payment to plaintiff from defendant's office in Ramsey County to which plaintiff mailed its demand for payment. Accordingly, we hold that no part of the cause of action arose in Martin County and that venue should not have been removed to that county. Let writ of mandamus issue.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.