## BRIGGS TRANSPORTATION CO. v. THEODORE RANZENBERGER.

217 N. W. 2d 198.

April 5, 1974—No. 44835.

*Roerkohl, Rippe & Lee* and *L. L. Roerkohl,* for relator.

*Maun, Hazel, Green, Hayes, Simon & Aretz, Lawrence J. Hayes,* and *Geoffrey P. Jarpe,* for respondent.

PER CURIAM.

Petition for a writ of mandamus directing the District Court of Ramsey County to issue an order changing the venue of the above entitled matter to Houston County and denying plaintiff's motion to maintain venue in Ramsey County. Writ shall issue.

Defendant, Theodore Ranzenberger, operates a sole-proprietorship motor common carrier business in Houston County, which is also his place of residence. Plaintiff, Briggs Transpor-

tation Co., a Minnesota corporation, is a motor common carrier having its principal place of business in Ramsey County. In October 1972, defendant met with the president of Briggs in St. Paul and discussed the sale of his trucking business to Briggs. In November of the same year, representatives of plaintiff visited defendant at his home in Caledonia, Minnesota, where both parties signed a written agreement for the purchase of defendant's business by Briggs and where an initial downpayment of $1,000 was delivered to defendant. Defendant also signed an application form which was taken by Briggs back to St. Paul and submitted, along with other documents, to the Interstate Commerce Commission (ICC) for its approval of the sale. Defendant also sent documents for this purpose by mail to plaintiff in St. Paul. Under the terms of the written agreement, Briggs had assumed "the legal expense in connection with the presentation and prosecution of the applications before the Interstate Commerce Commission."

In December of 1972, the defendant notified plaintiff that he was no longer willing to go through with the deal. Plaintiff, however, refused to accept defendant's attempted cancellation of their agreement. In August of 1973, defendant was notified of the ICC's order approving the sale of his business to Briggs, and soon thereafter letters of consummation were sent to him by plaintiff's transportation attorneys in Chicago, Illinois. Defendant refused to sign and return these letters as requested and, instead, notified the ICC and plaintiff's Chicago attorneys that he refused to sell. Consequently, plaintiff brought an action for specific performance in Ramsey County District Court. As part of his answer, defendant filed, pursuant to Minn. St. 542.10, a written demand that venue be changed to Houston County. The district judge denied this motion and granted plaintiff's motion to maintain the action in Ramsey County. Defendant now petitions this court for a writ of mandamus directing the district court to order a change of venue.

Minn. St. 542.09 states in part that "[a]ll actions * * * shall

be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose." Since defendant was a resident of Houston County at the time the action was begun, an examination must focus on whether "the cause of action or some part thereof arose" in Ramsey County. In Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 513, 171 N. W. 2d 728, 730 (1969), we interpreted this statutory language in the following manner:

"In determining what would constitute 'some part' of a cause of action, it is clear, first of all, that the part must be something less than the whole. We must, then, determine what elements plaintiff is required to prove in order to establish his right to recovery. In an action on a contract such as this the elements would be (a) the formation of the contract; (b) performance by plaintiff of any conditions precedent to his right to demand performance by defendant; and (c) a breach of the contract by defendant. These elements of the cause of action are the fundamental propositions which plaintiff must prove in order to establish a right of recovery. As such they are the basic parts into which a cause of action can be separated. See, Gulbrandson v. Empire Mutual Ins. Co. 246 Minn. 523, 75 N. W. (2d) 593.

"Each of these elements of the cause of action will be evidenced by certain facts which give rise to a conclusion of law—i.e., (a) the contract was formulated when the offer was accepted; (b) plaintiff's performance was completed when plaintiff delivered the finished product to the agreed location; and (c) defendants breached the contract when they failed within a reasonable time to make payment. It follows that any county in which occurred the facts evidencing one of these propositions or conclusions of law is a county in which 'some part' of the cause of action arose. Brudzinski v. DeKalb Agricultural Assn. Inc. [279 Minn. 486, 155 N. W. 2d 737 (1968)]."

The district judge in the present case held that the contract

was executed and breached in Houston County and we concur.[1] We cannot, however, accept the lower court's conclusion that the action was properly venued in Ramsey County because plaintiff had performed many services for defendant there which were a "condition precedent to the transfer and execution of the contract." We favor a more narrow interpretation of our guidelines set forth in Industrial Rubber Applicators than that given by the trial judge. See, Johnny's Plumbing & Heating v. Sperry Rand Corp. 298 Minn. 294, 215 N. W. 2d 63 (1974). The performance of any condition precedent of a contract in a particular county does not automatically give a party the right to initiate a contract action in that county. Rather, it must first be shown that at the time of contracting both parties contemplated that a particular condition would be performed in a particular county.

In the present case, the contract states that plaintiff would assume the legal expenses of applying to the ICC, but there is no specific mention of where this condition was supposed to be fulfilled. According to the affidavits filed in this proceeding, plaintiff filled out forms and gathered materials in St. Paul, but work was also done by its transportation attorneys in Chicago. Also, defendant signed the application forms in Houston County.

---

[1] It is undisputed in this case that defendant signed the contract at his place of residence in Houston County. The site of the breach in this case is not quite so clear. The written agreement states in part: "The consummation hereof shall take place at the Home Offices of the Buyer in St. Paul, Minnesota or at such other place as may be mutually agreed upon." The transactions between the parties never reached this point, however, since defendant, while in Houston County, refused to sign and return the consummation papers to plaintiff's Chicago transportation attorneys. Analogizing from the general rule that the breach of a contract to make payments by mail from a place specified by the parties or adopted by a course of conduct occurs at the place where payment was to have been mailed, it can be said that the breach in this case occurred in Houston County, where defendant refused to sign the consummation documents and then mailed letters notifying the ICC and plaintiff of his refusal to sell. See, Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 121 N. W. 2d 586 (1963).

Thus, only a portion of one of plaintiff's duties under the contract was performed in Ramsey County. This portion could have been performed in any other county, and there is no evidence that both parties specifically contemplated that it would be performed in Ramsey County. Consequently, we hold that the connection between this action and Ramsey County is too slender to deprive defendant of his right to have an action brought against him in the county of his residence.

Writ shall issue.