ERNEST JOHNSON v. MINNESOTA FARM BUREAU MARKETING CORPORATION AND ANOTHER.

232 N. W. 2d 200.

May 30, 1975—No. 45341.

*Gordon J. Berg* and *Neil B. Dieterich,* for petitioner.

*Mackall, Crounse & Moore* and *Gregory J. Pulles,* for respondent Morken.

*Mann, Hazel, Green, Hayes, Simon & Aretz* and *Garrett E. Mulrooney,* for respondent corporation.

Heard at Special Term by Sheran, C. J., and Otis, Rogosheske, Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is a petition by Ernest Johnson for a writ of mandamus directing that his entire action against respondents be tried in the Wilkin County District Court.

The plaintiff in the subject action is Ernest Johnson, a farmer residing in Wilkin County. Defendant Minnesota Farm Bureau Marketing Corporation is a business corporation engaged in the purchase and sale of grain and maintaining its offices in Hennepin County. Defendant Robert A. Morken is the general manager of the corporation and resides in Hennepin County.

In November 1972 plaintiff inquired as to the sale of his feed barley through agents of the corporate defendant. Although the terms of the sale were consummated by telephone, a confirmation document was allegedly sent by the corporation to plaintiff for his signature. The agreed terms, as set forth by defendants and included in the confirmation statement, included the following: "PRICE $1.24 Net You Delivered to Elev. M. & O., Superior, Wisconsin Truck or Rail," and "SHIPMENT From Feb. 15, 1973 to May 15, 1973" for approximately 30,000 bushels of feed barley.

Further sales of wheat and of feed barley occurred on December 1, 1972, and March 2, 1973. There is substantial dispute as to the precise terms of the contracts for sale.

Plaintiff, on February 13, 1974, commenced an action by complaint containing multiple causes of action set forth in nine separate counts. As noted by the lower court, the various counts embraced the legal theories of breach of contract, fraud, common-law deceit, breach of fiduciary relationship, breach of contract on grain delivered on consignment, conversion, and an action for an accounting.

A demand for a change of venue from Wilkin County to Hennepin County was made by defendant corporation on February 28, 1974, and by defendant Morken on March 4, 1974, pursuant to Minn. St. 542.10. Plaintiff then moved the court, on April 19, 1974, for a retention of venue in Wilkin County on the basis that all or part of the cause of action arose in Wilkin County. In an order dated June 10, 1974, the Wilkin County District Court denied plaintiff's motion and ordered that venue be changed to Hennepin County. A petition for a writ of mandamus was filed with this court on August 30, 1974.

1.   The first issue raised by the petition is whether petitioner has sought timely review of the trial court's order directing a change of venue to Hennepin County. Respondents contend that the petition is not timely, relying primarily upon language of Rule 104.01, Rules of Civil Appellate Procedure, and the recent decision of Ebenezer Society v. State Board of Health, 301 Minn. 188, 223 N. W. 2d 385 (1974). They conclude that the 30-day limitation of Rule 104.01 should be applied to Rule 120, Rules of Civil Appellate Procedure, which establishes the procedure upon application for a writ of mandamus or prohibition, because the latter rule is silent regarding any time limitation.

This court in the Ebenezer Society case was faced with a similar question. A determination was made by the trial court that venue in Dakota County was proper in an action involving the construction of a nursing home in that county. The State Board petitioned this court for a writ of mandamus to obtain relief from the venue order, filing its petition 46 days after service of notice of entry of the trial court's order denying a change of venue. In ruling on respondents' contention that the 30-day limitation found in Rule 104.01 was applicable, we concluded:

"While we are persuaded for reasons of sound judicial administration that under most circumstances it would be advisable for those seeking venue relief by way of mandamus to act within the time prescribed in Rule 104.01, the court continues to be of the opinion that it must remain free to exercise its discretion in granting or denying a petition for writ of mandamus, whether the petition is filed early or late in the course of litigation. Rule 120 provides no other guide. * * * We are not pointed to, nor do we observe, any prejudice suffered by respondents in light of petitioner's delay. The petition is timely." 301 Minn. 193, 223 N. W. 2d 388.

In the instant case, 59 days have intervened between service of notice of filing of the trial court's order on July 2, 1974, and the filing of the petition on August 30, 1974. In light of our com-

ments in the Ebenezer decision, we here conclude that the petition is timely. There is no factual showing, as impliedly suggested in Ebenezer, of any substantial prejudice to the respondents by virtue of the 59-day time lapse before the petition was filed. Further, we must strongly reaffirm this court's broad discretion in the area of mandamus relief, without establishing firm time limitations to preclude the exercise of such discretion. Therefore, the references to the time limitations of Rule 104.01 in Ebenezer remain as mere guidelines suggested for the efficient use of the mandamus procedure.

2. Petitioner contends that venue may not be changed to the county of defendants' residence when some part of the cause of action of the plaintiff arose in the county in which the action was commenced.

Minn. St. 542.09 provides in pertinent part as follows:

"All actions not enumerated in sections 542.02 to 542.08 and section 542.095 shall be tried in a county where one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose."

The petitioner alleges numerous factual premises upon which this court should base its conclusion that "[s]ince some part of Relator's cause of action arose in Wilkin County, Relator's motion to continue venue was improperly denied by the trial court." Included among these factual claims are that the initial contracts were formed in Wilkin County, that defendants' failure to make payments due under the contracts arose in Wilkin County, and that misrepresentations were communicated to petitioner in that county. These allegations form the bases of petitioner's causes of action and are strenuously disputed by defendants.

Defendants-respondents impliedly rely upon the conclusions of the trial court in contending that petitioner has failed to sustain his burden of establishing that a cause of action or some part thereof arose in the county in which he commenced the action. Farmers & Merchants State Bank of Lamberton v. Ebbesen, 300

Minn. 517, 218 N. W. 2d 688 (1974); Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 171 N. W. 2d 728 (1969). The trial court concluded that plaintiff (petitioner here) failed to prove that "one or more of the elements of each of his alleged causes of action contained in the nine counts of his complaint arose in Wilkin County."

We are of the opinion that the trial court correctly determined that venue must be changed to Hennepin County, the county of defendants' residence.

Historically the main purpose of Minn. St. 542.09 has been to allow a party defendant to defend in the county of his residence; plaintiff's right to have the action tried in a county where the cause of action or a part thereof arose only constitutes an exception to this rule. Brudzinski v. DeKalb Agricultural Assn. Inc. 279 Minn. 486, 155 N. W. 2d 737 (1968); Granite Falls Municipal Hospital v. Cole, 270 Minn. 584, 133 N. W. 2d 496 (1965).

As stated by respondents, judicial construction of the statute has placed upon plaintiff the burden of proof to show that a part of the cause of action arose in the county he chooses for trial if that county be other than the county of defendant's residence. Farmers & Merchants State Bank of Lamberton v. Ebbesen, *supra*. Further, this court has held that some part of a cause of action is something less than the whole, with specific inquiry being directed to the elements of proof necessary to establish plaintiff's right to recover. Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. *supra*; Johnny's Plumbing & Heating, Inc. v. Sperry Rand Corp. 298 Minn. 294, 215 N. W. 2d 63 (1974).

In Briggs Transp. Co. v. Ranzenberger, 299 Minn. 127, 217 N. W. 2d 198 (1974), the lower court determined in a contract action that the action had been properly venued in Ramsey County, where defendant was not a resident, because plaintiff "had performed many services for defendant there which were a 'condition precedent to the transfer and execution of the contract.'" 299 Minn. 130, 217 N. W. 2d 200. In issuing a writ of mandamus directing a change of venue, this court stated:

"* * * The performance of any condition precedent of a contract in a particular county does not automatically give a party the right to initiate a contract action in that county. Rather, it must first be shown that at the time of contracting both parties contemplated that a particular condition would be performed in a particular county." 299 Minn. 130, 217 N. W. 2d 200.

We must agree with the rationale of the Briggs decision and conclude that the connection between this action and Wilkin County is "too slender to deprive defendant of his right to have an action brought against him in the county of his residence." 299 Minn. 131, 217 N. W. 2d 201. This is in accordance with the precedential preference for allowing the action to be tried in the county of the defendant's residence absent a strong showing that venue is proper in a county "in which the cause of action or some part thereof arose." Petitioner has failed to sustain that burden.

Writ denied.