PATRICIA NYBERG v. WALTER WERMERSKIRSCHEN, d.b.a. ALBERTS BAY EGG FARM.

233 N. W. 2d 767.

September 26, 1975—No. 45997.

---

*I. L. Swanson,* for relator.

*Fillenworth, Franta & Frank* and *Lawrence W. Frank,* for respondent.

Heard at Special Term by Rogosheske, J., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

Defendant-relator seeks a writ of mandamus directing transfer of venue of this action for breach of contract from Redwood County, where the action was commenced, to Hubbard County, the residence of defendant. The trial court, ruling that "the moving party has the burden of establishing grounds for such removal," denied defendant's motion, finding that part of the cause of action, defendant's breach by nonpayment, arose in Redwood County. We disagree.

Plaintiff, doing business as Lamberton Hatchery in Redwood County, sued defendant to recover $12,240 claimed due on a contract for the purchase of pullets by defendant, who resides and conducts his business in Park Rapids, Hubbard County. Defendant answered, alleging accord and satisfaction and setoff. He also demanded a change of venue of right pursuant to Minn. St. 542.10. Such demand was supported by his affidavit asserting that the alleged transaction was entered into with plaintiff's deceased husband, then owner of the hatchery, in Hubbard Coun-

ty, that defendant then was and still is a resident thereof, and that the chickens involved were delivered in Hubbard County. Plaintiff filed an opposing affidavit asserting simply that part of the cause of action arose in Redwood County. Upon the clerk's refusal to automatically transfer venue, the trial court heard the matter in Redwood County. At the hearing plaintiff supplemented her affidavit by oral testimony in support of her claims that the contract was entered into in Redwood County and that defendant breached the contract by failing to make payment, which payment was to be made at the hatchery in Redwood County.[1]

In a memorandum accompanying the order denying defendant's motion, the court explained:

"In the opinion of the Court the motion is subject to the decision rendered by the Minnesota Supreme Court in the case of *Industrial Rubber Applicators v. Eaton Metal Pr. Co.*, 285 Minn. 511, 171 N. W. 2d 728. In referring to the proper venue in which an action may be brought for a breach of contract the Court stated that it was proper for the plaintiff to venue the action in any of the counties in which either the formation of the contract occurred, the performance by the plaintiff occurred giving rise to performance on the part of the defendant, or where the defendant is alleged to have breached the contract. The Court specifically included failure of payment by the defendant as a breach, the location of which constituted a proper place in which to bring the action. In the case before us, for the purposes of the action it may be presumed the place of payment was to have been at the

---

[1] In ruling on the motion, the court properly excluded from consideration testimony by plaintiff, received subject to defendant's objection, concerning conversations she overheard between her deceased husband and defendant at the hatchery in support of her claim that a written agreement had been made in Redwood County. Minn. St. 595.04; Pomerenke v. Farmers Life Ins. Co. 228 Minn. 256, 36 N. W. 2d 703 (1949). The claimed written agreement was not produced at the hearing, plaintiff asserting that it was lost.

Lamberton Hatchery, Redwood County, Minnesota. It was therefore proper for plaintiff to venue the action in Redwood County."

The court further observed:

"* * * It is the position of the Court that in considering a motion for change of venue the moving party has the burden of establishing grounds for such removal."

As both parties agree, it is now settled that if a plaintiff chooses a venue other than the county of residence of the defendant, the plaintiff has the burden of proof to establish that all or some part of the action arose in the chosen county. Standslast v. Reid, 304 Minn. 358, 231 N. W. 2d 98 (1975); Farmers & Merchants State Bank of Lamberton v. Ebbesen, 300 Minn. 517, 218 N. W. 2d 688 (1974).[2]

Our review of plaintiff's testimony reveals no adequate support for the court's finding that defendant was contractually obligated to make payment at the Lamberton Hatchery. A careful reading of plaintiff's testimony shows merely that she agreed with her counsel's statement that "in the ordinary course of business," if the sale "was not a cash transaction," "payments were sent to Lamberton." In our opinion, this evidence does not sufficiently support the inference made by the court that "the place of payment was to have been at the Lamberton Hatchery" for it is equally reasonable to infer that the payments would be mailed to the hatchery from defendant's place of business in Hubbard County. In the absence of specification of a place of mailing where a breach of contract to make payment by mail is claimed, the general rule is that the breach occurs at the place from which the payment was to have been mailed. Johnny's Plumbing & Heating v. Sperry Rand Corp. 298 Minn. 294, 215 N. W. 2d 63 (1974); Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 121 N. W. 2d 586 (1963). Since it is equally

---

[2] See, also, Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 171 N. W. 2d 728 (1969); Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 121 N. W. 2d 586 (1963).

reasonable to find from plaintiff's testimony that the breach, if any, of defendant's contractual obligation to make payment occurred upon defendant's failure to mail payment from his place of business in Hubbard County, we hold that plaintiff failed to carry her burden of proof that a part of the cause of action arose in Redwood County as there surely is absent the "strong showing" required to overcome the "precedential preference" for the trial of the action in the county of defendant's residence. Johnson v. Minnesota Farm Bureau Marketing Corp. 304 Minn. 292, 297, 232 N. W. 2d 200, 203 (1975).

Let the writ of mandamus issue.