## ASSOCIATED PRODUCERS, INC. v.
## WARREN GRAIN & SEED COMPANY.

241 N. W. 2d 93.

April 9, 1976—No. 46417.

*Padden, Dickel, Johannson, Wall & Taylor* and *Kenneth F. Johannson,* for petitioner.

*Dorsey, Marquart, Windhorst, West & Halladay* and *James R. Pielemeier,* for respondent.

SCOTT, JUSTICE.

Defendant has petitioned this court for a writ of mandamus directing the trial court in Ramsey County to allow venue of this action to be transferred to Marshall County. The writ shall issue.

Minn. St. 542.10 provides for change of venue to the county of defendant's residence upon demand "unless the county where the action was begun is a county in which the cause of action or some part thereof arose." Plaintiff commenced this action in Ramsey County on an alleged contract for the sale of seed. Opposing defendant's demand for change of venue, plaintiff argues under Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 171 N. W. 2d 728 (1969), that the

contract was formulated by acceptance in Ramsey County, either when plaintiff by telephone accepted defendant's offer to sell the seed or when plaintiff mailed a confirmation letter. Defendant denies that any contract was formed and argues that the confirmation letter reflects nothing more than an agreement to do business on the basis of separate transactions subsequently to be agreed upon by order and invoice. The trial court in Ramsey County declined to make a finding for the purposes of venue because—

"* * * If the Court decides that defendant's position [on venue] should be sustained, this would require that the Court find no part of the cause of action arose in Ramsey County. Hence, we have a finding which is tantamount to a conclusion that there was no contract; the lawsuit is ended, and there should be no trial on the merits."

In order to avoid reaching this result on disputed evidence and to let the case go to trial, the court in response to a motion by plaintiff quashed the demand for change of venue. Whatever the finding of the trial court for the purposes of this venue motion, the issue would not have been res judicata so as to preclude an inconsistent finding after trial on the merits. But be this as it may, our disposition is controlled by Johnson v. Minnesota Farm Bureau Marketing Corp. 304 Minn. 292, 232 N. W. 2d 200 (1975). There we stated that the plaintiff must make a strong showing to override the precedential preference for venue in the county of defendant's residence. The facts in Johnson were similar to those here involved. Plaintiff alleged that a contract for the sale of grain had been consummated by telephone and a confirmation document received. The trial court determined that the plaintiff had not sustained its burden of proof and ordered venue changed. In affirming, we noted that the allegations forming the basis of plaintiff's cause of action were disputed. 304 Minn. 295, 232 N. W. 2d 203. In this respect, the Industrial Rubber Applicators decision relied upon by plaintiff

here is distinguishable because defendants admitted formation of the contract in the county where the action was begun. 285 Minn. 514, 171 N. W. 2d 731.

Here, whether or not a contract actually exists as a basis for the action itself, including the identity of those actually involved in making the alleged oral contract by a telephone call between defendant's home county and that of plaintiff, is in vigorous dispute. We therefore reiterate our holding in Johnson v. Minnesota Farm Bureau Marketing Corp. *supra*, that the plaintiff must make a strong showing to override the precedential preference for venue in the county of defendant's residence. This showing does not meet that criterion.

Let a writ issue directing the trial court to allow venue to be transferred to Marshall County.