**NORTHERN STATES POWER CO., Respondent,**

v.

**MINNESOTA POWER AND LIGHT CO., Petitioner.**

No. C7–88–2491.

Court of Appeals of Minnesota.

Jan. 3, 1989.

James Littlefield, Hart, Bruner & O'Brien, Minneapolis, for respondent.

Geoffrey Jarpe, Maun, Green, Hayes, Simon, Johanneson & Brehl, St. Paul, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and FORSBERG, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The corporate offices of respondent Northern States Power (NSP) are in Minneapolis, in Hennepin County. The corporate

headquarters of petitioner Minnesota Power and Light (Minnesota Power) are in Duluth, in St. Louis County. NSP brought a declaratory judgment action in Hennepin County, seeking interpretation of a 1986 contract between the parties. That contract was signed in Hennepin County.

Minnesota Power demanded a change of venue, which NSP opposed. The trial court ruled that venue is proper in Hennepin County, because some part of the cause of action arose there. Minnesota Power seeks a writ of mandamus compelling a change of venue to St. Louis County.

## DECISION

■ Mandamus is the proper procedure for review of a trial court's denial of a motion to change venue. *Castle v. Village of Baudette*, 267 Minn. 140, 142, 125 N.W. 2d 416, 417 (1963).

A suit must generally be brought "in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose." Minn.Stat. § 542.09 (1986). The right to sue where the cause of action arose is an exception to the general rule, and the plaintiff seeking to retain venue in a county where no defendant resides must make a strong showing that some part of the cause of action arose there. *Johnson v. Minnesota Farm Bureau Marketing Corp.*, 304 Minn. 292, 232 N.W.2d 200 (1975) (insufficient showing that parties contemplated performance, or that breach of contract occurred, where suit brought). However, "when an action is brought in a county in which 'the cause of action or some part thereof arose,' defendant cannot remove it to the county of his residence as a matter of right." *Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co.*, 285 Minn. 511, 513, 171 N.W.2d 728, 730 (1969) (citation omitted). (In *Standslast v. Reid*, 304 Minn. 358, 365, 231 N.W. 2d 98, 103 (1975) the supreme court established the procedure to be followed when a defendant demands a change of venue, and overruled previous cases, including *Industrial Rubber Applicators, Inc.*, to the extent they sanctioned an inconsistent procedure.)

Minnesota Power claims that NSP has no "cause of action" because the contract has not yet been breached, and it therefore argues that venue is proper only in the county of its residence. No reported Minnesota decision has so limited venue in declaratory judgment actions to the county of a defendant's residence. In fact, the supreme court has held that a party entitled to bring a declaratory judgment action need not even possess a "cause of action," as that term is generally understood, if they claim a bona fide legal interest which is at risk. *St. Paul Area Chamber of Commerce v. Marzitelli*, 258 N.W.2d 585, 588 (Minn.1977) (citation omitted). NSP claims such an interest.

■ The trial court in this case looked to the nature of the underlying dispute (interpretation of the contract), found the contract was formulated in Hennepin County, and concluded that venue is proper there. The county where the contract was formed is usually a place where a central part of any breach of contract action arises. *Industrial Rubber Applicators, Inc.*, 285 Minn. at 514, 171 N.W.2d at 731. "[A]n essential part of plaintiff's cause of action, namely the formation of the contract, occurred [where the action was initially brought]. The conclusion follows that plaintiff has demonstrated its right to retain venue [there]." *Id.* Petitioner has established no compelling reason for this court to distinguish between venue in a breach of contract action and this declaratory judgment action. Both require interpretation of the contract and venue is therefore proper where the contract was formed.

Petition for writ of mandamus denied.