**Donald Forest BROWN, Sr., Respondent,**

v.

**STATE of Minnesota, et al., Petitioners.**

**No. C2–89–433.**

Court of Appeals of Minnesota.

April 18, 1989.

---

James B. Lund, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for petitioners.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NIERENGARTEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent Donald Brown, Sr., a resident of St. Louis County, slipped on the steps of the State Capitol Building in Ramsey County. He sued the state in St. Louis County. The state timely demanded a change of venue. Brown amended his complaint to allege breach of a contract formed in St. Louis County. The trial judge retained venue in St. Louis County, and the state seeks a writ of mandamus to compel a change of venue to Ramsey County.

### DECISION

 Mandamus is the appropriate vehicle to obtain review of a venue decision. *Ebenezer Society v. Minnesota State Board of Health*, 301 Minn. 188, 193, 223 N.W.2d 385, 388 (1974).

An action against state officials must be brought "in the county in which the cause of action arose." Minn.Stat. § 542.03, subd. 1 (1988). The gravamen of Brown's complaint alleges that the state, through its Commissioner of Administration, failed to adequately maintain the Capitol steps. The duty to maintain the steps, breach of that duty (if any), and injury *all* arose in Ramsey County.

To overcome the preference for venue in Ramsey County, Brown must make a "strong showing" that some part of his cause of action arose in St. Louis County and that venue is proper there. *Johnson v. Minnesota Farm Bureau Marketing Corp.*, 304 Minn. 292, 297, 232 N.W.2d 200, 204 (1975). Brown alleges that a contract was formed in St. Louis County when he was asked to serve on a state commission, and that contract guaranteed him "freedom from any injury he might sustain in advancing" the goals of the commission. The

state strongly disputes the existence of any such contract.

Where the existence of a contract is not conceded, mere allegations that a contract exists do not constitute the required "strong showing." *Associated Producers, Inc. v. Warren Grain & Seed Co.*, 308 Minn. 150, 241 N.W.2d 93 (1976). The trial court here made no finding that any part of this claim actually arose in St. Louis County or that venue was proper there. The issuance of mandamus is thus appropriate.

The assertion by respondent's counsel that some part of this "slip and fall" case arose in St. Louis County is patently frivolous. The breach of contract and equitable estoppel claims are unfounded and were clearly asserted solely to delay the transfer of venue to Ramsey County. The state has incurred substantial attorney fees in seeking the change of venue and this writ of mandamus, and is entitled to an award pursuant to Minn.Stat. § 549.21, subd. 2 (1988).

Even if Brown's claim of negligence proves meritorious, his unfounded opposition to the demand to change venue justifies an award of fees. *See Strand v. Nelson*, 380 N.W.2d 906, 909–10 (Minn.Ct.App. 1986) (fees may be awarded even if party prevails on one claim, where other claims are without basis). Where a party cites no "competent authority" to support their position and their arguments and pleadings constitute "transparent attempts" to litigate a matter in an improper forum, an award of fees and costs is appropriate. *In re Commercial State Bank*, 388 N.W.2d 11, 15 (Minn.Ct.App.1986); *McBroom v. Al–Chroma, Inc.*, 386 N.W.2d 369, 375 (Minn.Ct.App.1986). Accordingly, we award petitioners $500 for attorney fees.

Writ of mandamus issued and motion for attorney fees granted.