JEHIEL W. JAGGAR *v.* J. C. WINSLOW.

March 7, 1883.

**Fraud—Misrepresentation as to Legal Effect of Instrument.**—Evidence considered, and *held* insufficient to establish fraud in the execution of the note sued on. Fraud cannot be predicated simply upon misrepresentations as to the legal effect of written instruments, there being no misunderstanding as to their contents.

Appeal by plaintiff from an order of the district court for Otter Tail county, *McKelvy*, J., presiding, refusing a new trial.

*Cyrus J. Thompson*, for appellant.

*Briggs & Elders*, for respondent.

VANDERBURGH, J. The firm of Tousley & Winslow, of which defendant is surviving partner, purchased an engine and boiler of one Freeman, alleged to have been duly warranted, but to have proved defective. One of the notes given therefor was assigned by Freeman to plaintiff with notice. Suit having been brought thereon, the parties, including Freeman, entered into negotiations for a settlement, resulting in the execution of the note in suit by defendant, and a contemporaneous agreement between Freeman and defendant in respect to the repair of the boiler. The note purported to be "for value received, and in consideration of a contract this day executed by J. G. Freeman to Tousley & Winslow;" and the agreement between the last-named parties purported to be "in consideration of the payment this day of the balance of the purchase price of said engine and boiler;" Freeman thereby agreeing also to repair the same within 20 days. On their part, Tousley & Winslow agreed to pay the cost of such repair "if the present defects in said boiler have been caused by improper treatment" by them. The sole question in the case, and the only one submitted to the jury, was the alleged fraud of plaintiff and Freeman in procuring the execution of the note in suit.

Upon a careful examination of the record, we are unable to find sufficient evidence in the case to warrant the submission of that question to the jury. As respects the evidence relied on to show that plaintiff

and Freeman were in collusion, and that the transfer of the old note to the plaintiff was made for a fraudulent purpose, the facts appear to have been known to the defendant prior to the settlement. And there does not appear to have been any evidence of concealment or false representations of any material facts, to induce the defendant to agree to the settlement. The defendant and his attorney, who was present, understood the contents of the papers executed, which were signed voluntarily. Whatever suspicions or evidence he had previously had as to the bad faith of the plaintiff, he chose to make the new note payable to him, upon the consideration of the contract of Freeman to repair the boiler. Nor is it material that defendant misunderstood the correct legal construction of the terms of settlement, or was erroneously advised as to their legal effect by plaintiff's attorney. Defendant was permitted to testify, against the objection of the plaintiff, that plaintiff's attorney represented to him at the time that the meaning of the contract was that he was not to pay any money to plaintiff until the boiler was repaired. This was error. There was no relation of trust and confidence between the defendant and plaintiff's attorney; and, there being no misunderstanding as to the facts, there is no reason why he should not have known the legal effect of his agreement, and the law presumes that he did. Fraud cannot be predicated upon such statements or representations. *Townsend* v. *Cowles*, 31 Ala. 428, 435; 2 Chitty on Contracts, (11th Ed.) 1041; *Catlin* v. *Fletcher*, 9 Minn. 75, (85.)

The consideration for the new note which defendant executed to plaintiff was the execution of the contract of Freeman to repair. The fulfilment of that contract was not a condition precedent to the payment of the note. The note and contract are independent and separate agreements. Defendant secured the new obligation to repair, which the law must presume he relied on as sufficient for his indemnity, and it does not appear that it is not. The difference between him and Freeman must be adjusted under that contract, in the absence of other evidence establishing fraud in the execution of the note.

Order reversed.