## GEORGE PIEH v. LETTA R. FLITTON AND ANOTHER.[1]

January 21, 1927.

No. 25,672.

**When misrepresentation of federal law is not ground for avoiding contract.**

1. A misrepresentation of the law of the United States, made by a person who does not occupy a fiduciary relation to the person to whom the misrepresentation is made, does not vitiate a contract and is no ground for the avoidance thereof.

**When false representation of fact is defense to suit on note.**

2. Under c. 318, 36 U. S. St. p. 583, a patent for public land, withdrawn from unrestricted entry or classified as valuable for coal, is subject, when issued, to a reservation to the United States of coal and mineral in the land. A representation that a homestead patent to a particular tract of land can be obtained free from mineral reservation is in effect a representation that the land has not been withdrawn from general entry or classified as coal or mineral land. Such a representation is one of fact and not of law and, if it was false and was relied upon by the party to whom it was made, it is a defense to a suit on his note given for a relinquishment of a homestead entry of the land.

Bills and Notes, 8 C. J. p. 786 n. 79.
Fraud, 26 C. J. p. 1207 n. 87.

[1]Reported in 211 N. W. 964.

Defendants appealed from an order of the municipal ·court of Minneapolis, C. L. Smith, J., denying their motion for judgment notwithstanding the verdict or a new trial. Reversed.

*John A. Nordin,* for appellants.

*Johnson & Schoening,* for respondent.

LEES, C.

This action was brought on two promissory notes executed by the defendants.

As one of their defenses, defendants pleaded that plaintiff had a homestead ·claim near Wolf Point, Montana, which he offered to sell and relinquish to them; that he falsely and fraudulently represented that defendants could obtain a patent to the land free from reservations of minerals; and that in reliance upon these representations the defendants gave the notes in question and made a homestead entry of the land. It was alleged that such a patent could not be obtained and that the land was subject to a reservation to the United States of minerals therein, all of which was known to plaintiff when he made the representations.

The court directed a verdict in plaintiff's favor and defendants appealed from an order denying their motion for judgment or a new trial.

We find it necessary to consider only the defense mentioned above.

A misrepresentation of the law of the United States, made by a person who does not occupy a fiduciary relation to the person to whom it is made, does not vitiate a contract and is no ground for the avoidance thereof. In Colby v. Life Ind. & Inv. Co. 57 Minn. 510, 516, 59 N. W. 539, 542, this court said:

"We recognize that the general rule is that, as between parties bearing no fiduciary relation to each other, a mere misrepresentation of law by one party, or a mere mistake of law by the other party, is no ground for relief."

It has often been said that a misrepresentation as to the legal effect of an instrument is not a misrepresentation of a fact. Cummings v. Thompson, 18 Minn. 228, 231 (246); Perkins v. Trinka, 30

Minn. 241, 15 N. W. 115; Jaggar v. Winslow, 30 Minn. 263, 15 N. W. 242; Valley v. Crookston Lbr. Co. 128 Minn. 387, 151 N. W. 137. The general rule is stated in 26 C. J. p. 1207, where the cases from other jurisdictions are collected. In substance the rule is that ignorance of the law excuses no one, Peterson v. First Nat. Bank, 162 Minn. 369, 203 N. W. 53, 42 A. L. R. 1185, and that an erroneous statement of the law is regarded as a mere expression of opinion on which the hearer has no right to rely.

Defendants were charged with knowledge of the public land laws of the United States. Under these laws, when a person has filed a homestead claim and made final proof, he cannot obtain a patent without a reservation to the United States of coal or other minerals which may be in the land, if the land has been withdrawn from general entry or classified as coal lands because they are valuable for coal. 36 U. S. St. c. 318, p. 583.

Section 2 of that act provides that the entryman shall state in his application that the same is made in accordance with and subject to the provisions and reservations of the act; and section 3 provides that when a patent is issued it shall contain a reservation to the United States of all the coal in the land so patented.

Whether a particular piece of land has been withdrawn or classified as coal or mineral land is a question of fact. A representation that title can be obtained free from mineral reservations is not a representation in respect of a mere matter of law. In effect it is a representation that the land has not been classified or withdrawn from unrestricted entry. It is a material representation of fact and, if the plaintiff made it and it was false and the defendants were induced to execute the notes by reason of their reliance thereon, they had a defense.

The court refused to allow defendants to show that the alleged misrepresentation was made, that defendants relied on it, or that title acquired from the United States would be subject to mineral reservations. This was error for which there must be a new trial.

Order reversed and a new trial granted.