STATE OF MINNESOTA

IN SUPREME COURT

A13-1944

Certified Question                                                    Gildea, C.J.
United States Court of Appeals               Took no part, Page and Lillehaug, JJ.
for the Seventh Circuit

Lyon Financial Services, Incorporated,
d/b/a U.S. Bancorp Business Equipment
Finance Group,

      Plaintiff-Appellant,

vs.                                                                  Filed:  July 2, 2014
                                                             Office of Appellate Courts

Illinois Paper and Copier Company,

      Defendant-Appellee.

_____

Eric J. Magnuson, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, Minnesota; and

Alex Darcy, Debra Devassy Babu, Askounis & Darcy, PC, Chicago, Illinois, for plaintiff-appellant.

Andrew Staes, Stephen Scallan, Staes & Scallan, P.C., Chicago, Illinois, for defendant-appellee.

_____

S Y L L A B U S

A breach of contract claim based on an alleged breach of a contractual representation of future legal compliance is actionable under Minnesota law without proof of reliance.

As reformulated, certified question answered in the affirmative.

O P I N I O N

GILDEA, Chief Justice.

Lyon Financial Services, Inc., d/b/a/ U.S. Bancorp Business Finance Group ("Lyon"), brought a breach of contract action against Illinois Paper and Copier Company ("Illinois Paper") in federal district court in Illinois. Lyon alleged that Illinois Paper had breached a contractual representation and warranty that all lease transactions presented to Lyon for review would be "valid and fully enforceable agreements." Because Minnesota law governs the contract, the Seventh Circuit certified the following questions to us pursuant to Minn. Stat. § 480.065 (2012):

1. Is reliance an element of a breach-of-express-warranty claim? If so, what type of reliance is required: contract-like reliance or tort-like reliance?

2. If tort-like reliance is required for a breach-of-express-warranty claim, is one contracting party entitled to rely on the other's express, contractual representation of law? If such reliance is not justified and the party's warranty claim therefore fails, is a breach-of-contract action based on that same express contractual warranty also barred?

*Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 732 F.3d 755, 767 (7th Cir. 2013). We accepted the certified questions. We reformulate the questions and hold that a claim for breach of a contractual representation of future legal compliance is actionable under Minnesota law without proof of reliance.

2

Illinois Paper sells copy machines and other office equipment.[1] Lyon is a financial services firm based in Minnesota and is a subsidiary of U.S. Bancorp that specializes in business equipment financing. In 2008, Lyon and Illinois Paper entered into a partnership agreement providing that Lyon would have the "first right to review" all of Illinois Paper's "maintenance inclusive" transactions for customers who inquired about lease financing. According to the partnership agreement, Lyon would purchase office equipment from Illinois Paper and then lease it to Illinois Paper's customers. Illinois Paper represented and warranted in the partnership agreement that "all lease transactions presented [to Lyon] for review are valid and fully enforceable agreements." Illinois Paper also agreed to "indemnify and hold [Lyon] harmless from any loss or claim resulting from [Illinois Paper's] breach of the foregoing representations and warranties." The partnership agreement stated that it was to be governed by Minnesota law.

Subsequently, Lyon entered into a contract with the Village of Bensenville, Illinois. Consistent with the partnership agreement, Lyon purchased copier equipment from Illinois Paper and leased that equipment to the Village. The term of the lease was 6 years. Less than 2 years into the lease, however, the Village stopped paying Lyon, citing an Illinois Municipal Code provision that expressly limits municipal equipment leases to no more than 5 years. *See* 65 Ill. Comp. Stat. 5/11-76-6 (2014).

---

[1] The following facts are taken from the Seventh Circuit's certification order, *Lyon Fin. Servs., Inc.*, 732 F.3d at 767. We accept the facts as stated because our role in answering certified questions does not include reviewing fact issues. *See B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 182 (Minn. 1988).

After the Village stopped making lease payments, Lyon commenced an action against Illinois Paper for breach of the partnership agreement. Lyon claimed that Illinois Paper had breached the partnership agreement because the lease agreement with the Village was not a valid and fully enforceable agreement as warranted in the partnership agreement. The parties filed cross-motions for judgment on the pleadings. The United States District Court for the Northern District of Illinois analyzed the claim under Illinois law and construed Lyon's breach of contract claim as a breach of warranty claim. *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, No. 10 CV 7064, 2012 WL 401493, at *2 (N.D. Ill. Feb. 6, 2012). The district court concluded that reliance is an element of a breach of warranty claim and that the warranty at issue was a representation of law. *Id.* Citing the general rule that "one is not entitled to rely on a representation of law," the district court concluded that "Lyon cannot satisfy the elements of a breach of warranty claim, and Illinois Paper is entitled to judgment on the pleadings." *Id.*

Lyon appealed the dismissal of its action to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit determined that the choice-of-law provision in the partnership agreement is enforceable and therefore Minnesota law applies. *Lyon Fin. Servs.*, 732 F.3d at 758-59. The Seventh Circuit also concluded that the warranty at issue is a representation of law. *Id.* at 760. The Seventh Circuit considered Minnesota case law, but was uncertain how we would resolve the following questions:

1. Is reliance an element of a breach-of-express-warranty claim? If so, what type of reliance is required: contract-like reliance or tort-like reliance?

4

2. If tort-like reliance is required for a breach-of-express-warranty claim, is one contracting party entitled to rely on the other's express, contractual representation of law? If such reliance is not justified and the party's warranty claim therefore fails, is a breach-of-contract action based on that same express contractual warranty also barred?

*Id.* at 767. The Seventh Circuit certified the above questions, specifically invited reformulation of the questions, and stated that "nothing in this certification should be read to limit the scope of the inquiry." *Id.* We accepted the certified questions.

We "may answer a question of law certified . . . by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." Minn. Stat. § 480.065, subd. 3, *quoted in In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 754 N.W.2d 544, 549-50 (Minn. 2008). We review certified questions de novo. *Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 575 (Minn. 2009). We may also reformulate certified questions of law. *E.g.*, *Minn. Citizens Concerned for Life, Inc. v. Kelley*, 698 N.W.2d 424, 427 (Minn. 2005); *see also* Minn. Stat. § 480.065, subd. 4 ("The Supreme Court of this state may reformulate a question of law certified to it.").

In accordance with our authority to reformulate certified questions of law, as well as the Seventh Circuit's express invitation to do so, we choose to deviate from the Seventh Circuit's articulation of the certified questions so that our analysis more closely tracks the fundamental issue raised in the case. The Seventh Circuit essentially certified four separate questions, but at bottom, these questions ask us to determine whether Lyon's claim is actionable under Minnesota law.

5

In other words, the central issue here is the enforceability of Illinois Paper's representation that "all lease transactions presented [to Lyon] for review are valid and fully enforceable agreements." The Seventh Circuit determined that "[t]he contractual provision at issue here is a mixed representation, but as relevant to this dispute, it is a representation of law." *Lyon Fin. Servs.*, 732 F.3d at 760. While classifying the representation broadly as "a representation of law," the Seventh Circuit more specifically referred to the representation as "a representation of legal compliance" and described Illinois Paper as having "warranted that *future* lease transactions would be valid and enforceable." *Id.* at 761, 766. In this case, the label, "representation of law," has created more confusion than clarification. Rather than using the broad label, we find the Seventh Circuit's more specific description of greater help in our analysis. Therefore, we will use that description—a representation of future legal compliance—to capture the nature of the representation at issue.[2]

---

[2] Using the more specific description makes it unnecessary for us to resolve the dispute between the parties over whether the representation at issue is a "pure" representation of law. *See Lyon Fin. Servs.*, 2012 WL 401493, at *2 (noting "an important distinction . . . between pure representations of law and representations that incorporate law and facts"). Lyon argues that we have previously held that express representations are enforceable even when the representation involves a representation as to a legal issue, citing cases in which we have determined a representation to be one of fact or a mixed representation of fact and law. *See Hoyt Props. v. Prod. Res. Grp., LLC*, 736 N.W.2d 313, 318 (Minn. 2007); *Parkside Mobile Estates v. Lee*, 270 N.W.2d 758, 763 (Minn. 1978). Illinois Paper, on the other hand, argues that when all of the facts are known and the sole issue is the application of the law to the facts, the representation is a pure representation of law.

In addition to the dispute about whether the representation is a pure representation of law, Lyon notes that some courts have moved away from making a distinction between
(Footnote continued on next page.)

6

Using the more specific description of Illinois Paper's representation, we reformulate the certified questions into a single question:

> Is a claim for the breach of a contractual representation of future legal compliance actionable under Minnesota law without proof of reliance?

We answer the certified question, as reformulated, in the affirmative.

## I.

The Seventh Circuit has asked us to consider the enforceability of a representation of future legal compliance under two theories—breach of express warranty and breach of contract. *Lyon Fin. Servs.*, 732 F.3d at 767. We start with the breach of contract theory because that is the theory Lyon actually pleaded.[3]

---

(Footnote continued from previous page.)
representations of fact and law because the line between the two often blurs. *See* 7 Joseph M. Perillo, *Corbin on Contracts* § 28.18 (rev. ed. 2002). *Cf. Miller v. Osterlund*, 154 Minn. 495, 496, 191 N.W. 919, 919 (1923) (observing that "it is not always easy to classify representations as of law or fact"). While other courts may be abolishing the distinction, we do not intend to eliminate the distinction between representations of fact and law to the extent that the distinction is relevant in future cases. Rather, it is enough to note that defining the exact contours of the distinction is not helpful under the circumstances of this case.

[3] Lyon brought a breach of contract claim, but the district court determined that "Lyon's claim [was] properly characterized as one for breach of warranty rather than breach of contract because the provision at issue 'represent[s] and warrant[s]' that a given condition is true (namely, that the lease agreements Lyons [sic] would finance are 'valid and enforceable'), rather than promise some performance." *Lyon Fin. Servs.*, 2012 WL 401493, at *2. The district court relied on Illinois law in determining that Lyon's claim was a breach of warranty claim instead of a breach of contract claim. *Id.* The Seventh Circuit questioned the district court's characterization, but still proceeded to analyze the claim as a breach of warranty claim. *Lyon Fin. Servs.*, 732 F.3d at 761.

A contract consists of a binding promise or set of promises.[4]  1 Richard A. Lord, *Williston on Contracts* § 1.1 (4th ed. 2007).  A breach of contract is a failure, without legal excuse, to perform any promise that forms the whole or part of the contract. 23 Richard A. Lord, *Williston on Contracts* § 63:1 (4th ed. 2002); *see also Associated Cinemas of Am. v. World Amusement Co.*, 201 Minn. 94, 99, 276 N.W. 7, 10 (1937).  The elements of a breach of contract claim are "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011) (citing *Briggs Transp. Co. v. Ranzenberger*, 299 Minn. 127, 129, 217 N.W.2d 198, 200 (1974)).

The dispute here centers on whether a party is required to plead detrimental reliance on a representation of future legal compliance in order to maintain a breach of contract claim for the breach of that representation.  We have not previously identified

---

[4]  As the Seventh Circuit noted, Illinois Paper warranted that future lease transactions presented to Lyon would be valid and enforceable.  Generally, a warranty is created when a person promises that "an event not within human control will occur" and warranties are often made "when the parties are ignorant of the actual facts regarding which they bargain."  Restatement (Second) of Contracts § 2 cmt. d (1981).  A promise, on the other hand, is "a manifestation of intention to act or refrain from acting in a specified way." *Id.* § 2.  Because Illinois Paper manifested an intention to act in a specified way—to provide valid and enforceable agreements—a breach of contract action may be the more appropriate action.  In any event, Lyon pleaded a breach of contract claim and we discern no reason that Lyon cannot rely on a breach of contract theory under Minnesota law.

8

detrimental reliance on a promise as an element of a breach of contract claim.[5] *See Park Nicollet*, 808 N.W.2d at 833. *See generally* 17B C.J.S. *Contracts* § 824 (2011) (specifying that reliance "is not an element of a claim for breach of contract"). Rather, a breach of contract claim requires only that the promise at issue be part of the parties' bargain. *See Baehr v. Penn-O-Tex Oil Corp.*, 258 Minn. 533, 538, 104 N.W.2d 661, 665 (1960).

Even though we have not recognized reliance as an element of a breach of contract claim, Illinois Paper urges us to require reliance in an action based on the alleged breach of a representation of future legal compliance because we have recognized reliance as an element of a breach of warranty claim. *See Midland Loan Fin. Co. v. Madsen*, 217 Minn. 267, 278, 14 N.W.2d 475, 481 (1944) ("To enable a party relying upon breach of express or implied warranty to recover, it must be clear and definite that there was actual reliance upon the warranties involved.").[6] Illinois Paper argues that Lyon is unable, even in the

---

[5] In contrast, detrimental reliance on a promise is an element of a promissory estoppel claim. *AFSCME Councils 6, 14, 65 and 96 v. Sundquist*, 338 N.W.2d 560, 568-69 (Minn. 1983) (discussing promissory estoppel).

[6] The parties disagree as to the vitality of the reliance rule we articulated in *Midland*. Illinois Paper argues that *Midland* is still good law and that reliance is an element of a breach of express warranty claim. According to Illinois Paper, we reaffirmed that reliance is an element of a breach of express warranty claim in *Alley Construction Co. v. State*, 300 Minn. 346, 351, 219 N.W.2d 922, 925 (1974). Illinois Paper supports its argument by pointing to the Eighth Circuit's opinion in *Hendricks v. Callahan*, 972 F.2d 190, 194 (8th Cir. 1992), which assumed the continuing validity of *Midland*. The Eighth Circuit was not persuaded that "Minnesota would adopt the 'modern view' which provides that the buyer's reliance on the warranty is 'wholly irrelevant.'" *Id.* Lyon contends, however, that we implicitly overruled *Midland* in *Peterson v. Bendix Home Systems, Inc.*, 318 N.W.2d 50, 52-53 (Minn. 1982). In

(Footnote continued on next page.)

context of a breach of contract claim, to rely upon a representation of future legal compliance because representations of law are simply "not actionable" under Minnesota law. According to Illinois Paper, allowing Lyon to pursue its claim under a breach of contract theory without requiring reliance would render the "entire body of law dealing with the non-actionability of representations 'of law' meaningless." For its part, Lyon argues that even if a breach of warranty claim requires reliance, a breach of contract claim does not require reliance.

We reject Illinois Paper's argument and hold that Minnesota law does not require reliance to be pleaded in a contract action based on an alleged breach of a representation of future legal compliance. Although detrimental reliance may be an element of certain tort claims, *see Davis v. Re-Trac Mfg. Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38-39 (1967), we have recognized and preserved the distinction between tort actions and contract actions. *See, e.g.*, *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 584 (Minn. 2012) (holding that a plaintiff may not recover in tort when the duty owed was imposed only by contract). We have maintained this distinction because "[t]ort actions and contract actions protect different interests." *80 S. Eighth St. Ltd. P'ship v. Carey-Canada, Inc.*, 486 N.W.2d 393, 395 (Minn. 1992). Contract actions protect the interest in having promises performed where the parties manifested their consent to be bound by the

---

(Footnote continued from previous page.)
*Peterson* we held that "[t]o establish a warranty claim the plaintiff must basically prove: the existence of a warranty, a breach, and a causal link between the breach and the alleged harm." 318 N.W.2d at 52-53. We made no mention of *Midland* in *Peterson* and did not discuss reliance. Given our answer to the reformulated certified question, it is not necessary for us to resolve this disagreement.

contract. *Id.* at 395-96. Tort actions, in contrast, protect the interest in having a duty performed that is imposed by operation of law, not by party consent. *See Hapka v. Paquin Farms*, 458 N.W.2d 683, 689 (Minn. 1990) (Yetka, J., dissenting) (quoting W. Prosser, *Handbook of the Law of Torts* § 92, at 613 (4th ed. 1971)). Engrafting an element of reliance from tort law onto a breach of contract action blurs the distinction between the two theories of recovery. Accordingly, even though we have required reliance in warranty actions, *see*, *e.g.*, *Midland*, 217 Minn. at 278, 14 N.W.2d at 481, we decline to require reliance in a breach of contract action based on a representation of future legal compliance.

In urging us to break from our precedent and require reliance in this context, Illinois Paper argues that the representation here is a legal representation that is not actionable under any theory—contract, warranty, or otherwise. Illinois Paper relies on *Pieh v. Flitton*, 170 Minn. 29, 211 N.W. 964 (1927), to support its contention that Lyon's claim fails as a matter of law. In *Pieh*, we said that "[a] misrepresentation [of law], made by a person who does not occupy a fiduciary relation to the person to whom it is made, does not vitiate a contract and is no ground for the avoidance thereof." *Id.* at 30, 211 N.W.2d at 964. We reasoned that misrepresentations of law are not actionable because "an erroneous statement of the law is regarded as a mere expression of opinion on which the hearer has no right to rely." *Id.* at 31, 211 N.W. at 965. *Pieh* is inapposite because the argument there was that the plaintiff's fraudulent misrepresentation relieved the defendants of their obligation to perform. *Id.* at 30, 211 N.W. at 964. Unlike a claim for breach of contract, a claim for fraudulent misrepresentation requires reliance. *Davis*,

11

276 Minn. at 117, 149 N.W.2d at 38-39. Moreover, the representation of future legal compliance in this case was much more than a mere expression of opinion. Illinois Paper specifically agreed to indemnify and hold Lyon harmless from any loss resulting from Illinois Paper's breach of the representation that all lease transactions presented to Lyon would be valid and enforceable.

We have never held that representations of future legal compliance are not actionable in contract, and we decline to do so in this case. In fact, the representation at issue in this case resembles the representation that was actionable in *Parkside Mobile Estates v. Lee*, 270 N.W.2d 758 (Minn. 1978). In *Parkside*, the seller of a mobile home park warranted that the park "complies in every respect with all applicable zoning, building, licensing, health and subdivision laws, ordinances and regulations of the City" and that if the buyer notified the seller of "any violations of any of the foregoing, prior to the date of closing, seller shall take the necessary steps to bring the operation [of the park] into compliance." *Id.* at 759. We rejected the argument that the representation was not actionable because it was a representation of law. *Id.* at 763. We reach the same conclusion here.

Finally, Minnesota public policy favors the freedom to contract. We have long held that "public policy requires that freedom of contract remain inviolate except only in cases when the particular contract violates some principle which is of even greater importance to the general public." *Rossman v. 740 River Drive*, 308 Minn. 134, 136, 241 N.W.2d 91, 92 (1976) (citing *James Quirk Milling Co. v. Minneapolis & St. Louis R. R. Co.*, 98 Minn. 22, 23, 107 N.W. 742 (1906)). Under freedom of contract principles,

parties are generally free to allocate rights, duties, and risks. *See id.* at 136, 241 N.W.2d at 92. In this case, the parties agreed to allocate the risk of legal noncompliance to Illinois Paper. Holding parties to their promises, without requiring separate reliance on those promises, furthers freedom of contract principles, and there is no reason to refuse to enforce the terms of the parties' bargain here.

Based on our analysis, we conclude that a breach of contract claim based on an alleged breach of a contractual representation of future legal compliance is actionable under Minnesota law without proof of reliance.

II.

Having concluded that Lyon has stated an actionable claim for breach of contract,[7] we have no occasion to discuss whether a breach of a representation of future legal compliance might also be actionable under a breach of warranty theory without proof of reliance. Breach of contract is the only claim that Lyon pleaded. We do not issue advisory opinions and so do not address whether Lyon would have an actionable claim under a breach of warranty theory if Lyon had pleaded such a theory. *See*, *e.g.*, *State v. Filipovic*, 312 Minn. 147, 151, 251 N.W.2d 110, 112 (1977) ("The certification procedure should not be used to present a hypothetical question or to secure an advisory opinion."); *see also B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 184 (Minn.

---

[7] Nothing we say in this opinion should be viewed as an expression on the merits of Lyon's breach of contract claim. We simply hold that the cause of action pleaded states a claim even though reliance in the tort sense—that the party changed its position in reliance on the promise—is not alleged in the pleadings.

13

1988) (declining to answer a certified question where the "relevance of the question has become doubtful and we are unsure of the consequences of any answer we might give").

As reformulated, certified question answered in the affirmative.


PAGE and LILLEHAUG, JJ., took no part in the consideration or decision of this case.