NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 29, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

SARA L. DARROW, *District Judge*[*]

No. 12-2210

| | |
|---|---|
| LYON FINANCIAL SERVICES, INC., d/b/a U.S. Bancorp Business Equipment Finance Group, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant*, | |
| v. | No. 10 C 7064 |
| ILLINOIS PAPER AND COPIER COMPANY, | Rebecca R. Pallmeyer *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

---

[*]Of the Central District of Illinois, sitting by designation.

This case returns to us from the Minnesota Supreme Court following our certification of questions of Minnesota law to that court. *See Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 732 F.3d 755, 765–67 (7th Cir. 2013); *see also* 7TH CIR. R. 52. The Minnesota Supreme Court reformulated and answered the certified questions in an opinion issued on July 2, 2014. *See Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539 (Minn. 2014). The parties have now filed their Circuit Rule 52 statements, and the case is ready for decision. For the following reasons, we reverse and remand for further proceedings.

Familiarity with our earlier opinion and the opinion of the Minnesota Supreme Court is assumed. In brief, Lyon Financial Services, Inc. ("Lyon") is a Minnesota financial-services firm specializing in business-equipment financing. Illinois Paper and Copier Company ("Illinois Paper") is an Illinois-based seller of copy machines and other office equipment. Lyon sued Illinois Paper in federal court in Northern Illinois alleging breach of a contractual warranty. *See Lyon Fin. Servs.*, 732 F.3d at 756–57. Under the contract in question, Lyon had the "first right of review" of all of Illinois Paper's transactions with customers interested in lease financing, together with an option to provide that financing. *Id.* In the "Representations and Warranties" section of the contract, Illinois Paper warranted that "all lease transactions presented [to Lyon] for review are valid and fully enforceable agreements." *Id.* The alleged breach of contract arises from a transaction between Lyon, Illinois Paper, and the Village of Bensenville, Illinois. There are some factual disputes about the circumstances surrounding the transaction, but everyone agrees that Lyon purchased an expensive copier from Illinois Paper and leased it to the Village for a term of six years. *Id.* at 757.

Illinois law, however, prohibits municipal equipment leases in excess of five years. *Id.* (citing 65 ILL. COMP. STAT. 5/11-76-6 (1961)). Less than two years into the lease, the Village stopped making lease payments, asserting that the lease was invalid and unenforceable. *Id.* Lyon looked to Illinois Paper to cover its damages—lost lease payments totaling more than $500,000—pursuant to the contractual provision warranting the validity and enforceability of all leases presented to Lyon for financing. *Id.* at 757–58.

The district court granted judgment on the pleadings for Illinois Paper. The court concluded that the warranty was a representation of law and as such was not actionable under either a breach-of-contract or breach-of-warranty theory because no one may justifiably rely on a counterparty's representation of law. *Id.* at 758. Lyon appealed. Because Minnesota law controls, we certified two questions to the Minnesota Supreme

Court asking whether reliance is an element of a breach-of-warranty action under Minnesota law, and if so, what kind of reliance is required, and whether a contracting party is entitled to rely on a counterparty's express representation of law. *Id.* at 767.

The Minnesota Supreme Court accepted the certification and reformulated the certified questions into a single more general question: "Is a claim for the breach of a contractual representation of future legal compliance actionable under Minnesota law without proof of reliance?" *Lyon Fin. Servs.*, 848 N.W.2d at 542. This way of restating the question made it unnecessary for the court to expound on the distinction between representations of law and fact. *Id.* at 542 & n.2.

As reformulated, the court answered the certified question in the affirmative, holding that "a breach of contract claim based on an alleged breach of a contractual representation of future legal compliance is actionable under Minnesota law without proof of reliance." *Id.* at 545. The court reasoned that "[a]lthough detrimental reliance may be an element of certain tort claims," breach-of-contract claims rest on a different foundation: "Contract actions protect the interest in having promises performed where the parties manifested their consent to be bound by the contract." *Id.* at 544. And because "Minnesota public policy favors the freedom to contract," the parties "are generally free to allocate rights, duties, and risks." *Id.* at 545. Applying this principle to the case at hand, the court wrote:

> In this case, the parties agreed to allocate the risk of legal noncompliance to Illinois Paper. Holding parties to their promises, without requiring separate reliance on those promises, furthers freedom of contract principles, and there is no reason to refuse to enforce the terms of the parties' particular bargain here.

*Id.* The court thus concluded that "Lyon has stated an actionable claim for breach of contract." *Id.*

Lyon now asks us to reverse and remand for entry of judgment in its favor in the amount of $503,500, plus prejudgment interest, attorney's fees, and costs. Alternatively, Lyon asks us to find Illinois Paper liable for breach of contract and remand for a determination of damages. Illinois Paper reminds us that factual disputes about liability and damages remain, some of which we mentioned in our earlier opinion. *See Lyon Fin. Servs.*, 732 F.3d at 757–58 & nn.1–3. Illinois Paper is correct.

Accordingly, and pursuant to the opinion of the Minnesota Supreme Court, Lyon

has stated an actionable claim for breach of a contractual representation of future legal compliance. The district court's judgment on the pleadings in favor of Illinois Paper therefore must be reversed. We remand for further proceedings consistent with the opinion of the Minnesota Supreme Court, the earlier opinion of this court, and this order.

REVERSED and REMANDED.