Wilhelmina M. Wright, United States District Judge
Before the Court is Defendant Vera Bradley Designs, Inc.'s (Vera Bradley) motion to dismiss Plaintiff Mono Advertising, LLC's (Mono) complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on which relief can be granted. (Dkt. 8.) For the reasons addressed below, Vera Bradley's motion is denied.
BACKGROUND[1]
Mono is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota. Mono provides marketing-related services, including designing and producing marketing materials. Vera Bradley, an Indiana corporation with its principal place of business in Roanoke, Indiana, produces and distributes handbags and accessories.
Mono and Vera Bradley executed a Master Services Agreement (Agreement) on December 3, 2015, whereby Vera Bradley agreed to pay Mono for services including campaign management and strategy, video production, and creative content development. The Agreement provides for an initial one-year term that automatically renews for successive one-year terms unless Vera Bradley provides written notice of non-renewal. The Agreement states that separate "Project Documents agreed to from time to time between the parties" will detail the creative services and work product that Mono will provide to Vera Bradley.
*1089 The parties developed a work plan to address the scope, budget, and timeline for completing the deliverables that Mono agreed to provide to Vera Bradley. The parties' work plan requires Mono to retain the staff needed to complete Vera Bradley's requested deliverables on the estimated schedule and budget.
Section 4.2 of the Agreement is titled "Termination for Discretionary Reasons" and permits either party to terminate the entire Agreement "by giving not less than ninety (90) days prior written notice to the other Party." In the event that Vera Bradley terminates the Agreement for discretionary reasons pursuant to Section 4.2, the Agreement requires Vera Bradley to pay "Guaranteed Minimum Fees," which equal "fees totaling not less than the average amount of professional fees invoiced, or due to be invoiced, for Services performed by [Mono] during the ninety (90) day period immediately preceding the date of the termination notice."
On August 10, 2016, approximately four months before the end of the initial one-year term of the Agreement, Vera Bradley terminated the Agreement and directed Mono to stop all ongoing work. The financial consequences for Mono of Vera Bradley's termination of the Agreement include the loss of agreed-upon work and fees and the costs associated with hiring staff to complete that work. Mono calculated the total Guaranteed Minimum Fees to equal $502,300 and demanded that Vera Bradley pay this amount to Mono. Vera Bradley refused to do so.
Mono subsequently commenced this action against Vera Bradley for breach of contract and unjust enrichment. Vera Bradley moves to dismiss both counts for failure to state a claim on which relief can be granted. See Fed. R. Civ. P. 12(b)(6). As to the breach-of-contract count, Vera Bradley argues that Mono fails to state a claim because the complaint does not allege facts or include evidence that Vera Bradley provided written notice of termination as required under Section 4.2 of the Agreement. As to the unjust-enrichment count, Vera Bradley argues that the existence of a contract precludes the equitable remedy of unjust enrichment.
ANALYSIS
A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Blankenship v. USA Truck, Inc. , 601 F.3d 852, 853 (8th Cir. 2010). To meet the federal pleading standard, factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient; and legal conclusions couched as factual allegations may be disregarded. See id.
I. Mono's Breach-of-Contract Claim
Vera Bradley argues that Mono's breach-of-contract claim must be dismissed for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). To plead a breach-of-contract claim under Minnesota law, the plaintiff must allege that (1) an agreement was formed, (2) the plaintiff performed any conditions precedent to the plaintiff's demand *1090 of performance by the defendant, and (3) the defendant breached the contract.[2] Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co. , 848 N.W.2d 539, 543 (Minn. 2014).
According to Vera Bradley, written notice of termination under Section 4.2 of the Agreement is a condition precedent; and Mono fails to state a claim for breach of contract because it does not allege that Vera Bradley provided the requisite written notice.[3] But the "condition precedent" element of a breach-of-contract claim pertains to "performance by plaintiff ," not performance by the defendant. Id. (emphasis added). Vera Bradley acknowledges this in its opening brief, asserting that "performance by plaintiff of any conditions precedent" is an element of a breach-of-contract claim. (Emphasis added.) Moreover, it is well-established in Minnesota that a "party to a contract cannot take advantage of the failure of a condition precedent when the party itself has frustrated performance of that condition." In re Hennepin Cty. 1986 Recycling Bond Litig. , 540 N.W.2d 494, 502 (Minn. 1995) ; accord Space Ctr., Inc. v. 451 Corp. , 298 N.W.2d 443, 449 (Minn. 1980) (stating that "a party to a contract cannot avoid its duties under the contract by preventing the performance of the other party or by disabling itself from performance"). The logical conclusion of Vera Bradley's argument would permit Vera Bradley to avoid its obligation to pay the Guaranteed Minimum Fees by terminating the Agreement for "discretionary reasons" without providing written notice. Such a result is contrary to Minnesota law.
Vera Bradley relies on Valspar Refinish, Inc. v. Gaylord's, Inc. , in which the Minnesota Supreme Court determined that "parties to a contract may expressly agree that written notice of breach is a condition precedent to bringing a breach of contract claim and that the failure to give written notice bars a subsequent claim." 764 N.W.2d 359, 365 (Minn. 2009). At issue in Valspar was whether the parties' contract required the non-breaching party to give the breaching party written notice of the breach , and an opportunity to cure that breach, before commencing a lawsuit. Id. Valspar is distinguishable in that regard. The "written notice" required by the Agreement between Mono and Vera Bradley is notice of termination for discretionary reasons, not notice that a breach has occurred. Because the Agreement between Mono and Vera Bradley does not require written notice of a breach and an opportunity to cure that breach before commencing a lawsuit, Valspar is inapposite.
In its reply brief, Vera Bradley contends that Mono mischaracterizes Vera Bradley's argument. Rather than challenging a supposed "condition precedent," Vera Bradley asserts in its reply that "Mono does not allege facts, even if true, that would show that Vera Bradley terminated the Master Services Agreement." This assertion is contrary to the record. Mono's complaint clearly states that "[o]n August 10, 2016, Vera Bradley terminated the Agreement and directed Mono to stop all ongoing campaign and future seasonal work." These are allegations of fact. Although Vera Bradley might dispute these facts and seek to disprove them, they are factual *1091 allegations that the Court accepts as true for the purpose of a motion to dismiss. Iqbal , 556 U.S. at 678, 129 S.Ct. 1937. To the extent that Vera Bradley is dissatisfied with the level of detail in the complaint, it provides no legal authority that warrants dismissal on this basis. See Twombly , 550 U.S. at 555, 127 S.Ct. 1955 (stating that a complaint "does not need detailed factual allegations" to survive a motion to dismiss); L.L. Nelson Enters., Inc. v. Cty. of St. Louis , 673 F.3d 799, 805 (8th Cir. 2012) (observing that "specific facts are not necessary" and a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests" (internal quotation marks omitted)). Vera Bradley's argument is unavailing.
For these reasons, Vera Bradley's motion to dismiss Count I of the complaint is denied.
II. Mono's Unjust-Enrichment Claim
Vera Bradley also argues that Mono has failed to state a claim for unjust enrichment. To state a claim for unjust enrichment under Minnesota law, a plaintiff must allege that the defendant knowingly received something of value to which that party was not entitled under circumstances such that retaining the benefit would be unjust. Bank of Montreal v. Avalon Capital Grp., Inc. , 743 F.Supp.2d 1021, 1032 (D. Minn. 2010).
Vera Bradley first contends that the existence of an express contract precludes recovery under a theory of unjust enrichment. The Federal Rules of Civil Procedure expressly permit a party to plead alternative or inconsistent claims or defenses. Fed. R. Civ. P. 8(d)(2)-(3). For this reason, courts routinely decline to dismiss unjust-enrichment claims when pled in the alternative. See, e.g., United States v. R.J. Zavoral & Sons, Inc. , 894 F.Supp.2d 1118, 1127 (D. Minn. 2012) (concluding that plaintiff "may maintain this [unjust-enrichment] claim as [an] alternative claim for relief under Rule 8 of the Federal Rules of Civil Procedure"); Cummins Law Office, P.A. v. Norman Graphic Printing Co. , 826 F.Supp.2d 1127, 1130 (D. Minn. 2011) (observing that courts "routinely permit the assertion of contract and quasi-contract claims together" and declining to dismiss plaintiff's unjust-enrichment claim on that basis). Mono is permitted to plead unjust enrichment in the alternative, as its complaint expressly does.
Vera Bradley also asserts that it has not unlawfully retained anything of value. The complaint does not allege a failure to pay for specific services or work product actually provided by Mono, Vera Bradley argues. But Mono's complaint alleges that "Vera Bradley knowingly received services of value from Mono, including a dedicated account and creative team" and that "Vera Bradley was not entitled to receive these services ... without paying for them." These are factual allegations that, when accepted as true, state a claim for unjust enrichment. Whether Mono can prove that Vera Bradley retained anything of value for which it did not pay is a question of fact that cannot be resolved on a motion to dismiss.
For these reasons, Vera Bradley's motion to dismiss Count II of the complaint is denied.
ORDER
Based on the foregoing analysis and all the files, records and proceedings herein, IT IS HEREBY ORDERED that Defendant Vera Bradley Designs, Inc.'s motion to dismiss, (Dkt. 8), is DENIED .

The facts presented in this background section are based on Mono's complaint and are accepted as true for the purpose of Vera Bradley's motion to dismiss. See Blankenship v. USA Truck, Inc. , 601 F.3d 852, 853 (8th Cir. 2010).

The Agreement provides that it "shall be governed and construed in accordance with the laws of the State of Minnesota."

Vera Bradley also asserts that "no such written notice ... is attached to the Complaint." But a plaintiff is not required to present evidence or prove its case in the complaint. See McDonough v. Anoka Cty. , 799 F.3d 931, 945 (8th Cir. 2015) (stating that, at the pleading stage, there "is no requirement for direct evidence").